# NIN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LOIS WHITE | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:24-cv-4811<br>) |
| NOODLES & COMPANY – ILLINOIS, INC., a Delaware corporation, | ) Hon.<br>)<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Lois White, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Noodles & Company – Illinois, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Cook County, Illinois.

1

4. Defendant, Noodles & Company – Illinois, Inc. is a Delaware corporation with its registered office located at 801 Adlai Stevenson Dr., Springfield, IL 62703.

5. Upon information and belief, Defendant Noodles & Company – Illinois, Inc. owns and/or manages "Noodles and Company" whose locations at 21075 S. La Grange Road, Frankfort, Illinois 60423, 14662 S. La Grange Road, Orland Park, Illinois 60462, and 15915 S. Harlem Ave., Tinley Park, Illinois 60477 qualify as "Facilities" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during her visits (and prior to instituting this action) to Noodles and Company.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

11. Plaintiff regularly travels to the Frankfort, Orland Park, and Tinley Park areas to visit friends and shop. Plaintiff visited Frankfort, IL on January 6, 2024. Plaintiff visited Orland Park on February 2, 2024. Plaintiff visited Tinley Park on February 29, 2024. Plaintiff plans to return to the Frankfort area in July 2024. Plaintiff plans to return to the Orland Park and Tinley Park areas in August 2024.

12. Plaintiff dines at restaurants when she is in the areas.

13. Plaintiff does not always dine at the same restaurant, but prefers to shop around for the best menu, prices, location, and ease of access to accommodate her disabilities.

14. Plaintiff regularly experiences barriers to access relating to her disabilities at restaurants due to her frequent travels.

15. While many restaurants advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit restaurants that offer the menu, pricing, and location she desires prior to dining to ensure that she can access the Facilities in a manner equal to non-disabled individuals.

17. Despite advertising that Noodles and Company is accessible, Plaintiff encountered barriers to access at the Frankfort, Orland Park, and Tinley Park Facilities, which denied her full and equal access and enjoyment of the services, goods, and amenities when she visited on January 6, 2024, February 2, 2024, and February 29, 2024, respectively.

18. Plaintiff is currently deterred from considering the Facilities as dining options on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facilities.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facilities.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facilities; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of her disability.

## COUNT II
### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Frankfort, Orland Park, and Tinley Park Facilities are places of public accommodation covered by Title III of the ADA because they are operated by a private entity, their operations affect commerce, and they are restaurants. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on January 6, 2024 at the Noodles and Company Facility located at 21075 S. La Grange Road, Frankfort, IL, that affected her disabilities:

   a. Seating:
      i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of

        sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

   ii.   Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

b.  Unisex Restroom No. 1:

   i.   Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

   ii.   Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

   iii.   Failing to provide rear grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the

        gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

    iv.    Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's back injury.

    v.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

c. Unisex Restroom No. 2:

    i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

    ii.    Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the coat hook.

    iii.    Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

    iv.    Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

    v.    Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

    vi.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

    vii.    Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606,

606.1 and 308 of the Standards, which aggravates Plaintiff's back injury.

29. Plaintiff personally encountered architectural barriers on February 2, 2024 at the Noodles and Company Facility located at 14662 S. La Grange Road, Orland Park, IL 60462, that affected her disabilities:

    a. Outdoor Seating:

        i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

        ii. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

    b. Indoor Seating:

        i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates

        Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

    ii.    Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

c.  Unisex Restroom No. 1:

    i.    Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

    ii.    Failing to provide flush controls located on the open side of the water closet in violation of sections 309, 309.4, 604 and 604.6 of the Standards, which requires Plaintiff to reach across the toilet to flush and causes an undue strain on her back and legs.

    iii.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the

        Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

iv. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the leverage she needs to open the door.

v. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

vi. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

vii. Providing sinks and/or countertops that are greater than the 34-inch maximum allowed above the finished floor or ground in violation of sections 606 and 606.3, which causes undue pressure on Plaintiff's back and makes it unsafe for her to use.

viii. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606,

        606.1 and 308 of the Standards, which aggravates Plaintiff's back injury.

   ix.    Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

   x.    Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

   xi.    Failing to provide the correct height for a table surface or for a baby changing table, in violation of sections 902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards, which aggravates Plaintiff's back and knee injuries when trying to use the baby changing table.

d.   Although Unisex Restroom No. 2 is labelled as ADA-compliant, it was not in working order.

30. Plaintiff personally encountered architectural barriers on February 29, 2024 at the Noodles and Company Facility located at 15915 S. Harlem Ave., Tinley Park, IL 60647, that affected her disabilities:

    a. Outdoor Seating:

        i. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's knee and back injuries by preventing her from extending her legs without obstruction while being able to utilize the table surface.

        ii. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.2, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for her to use due to her leg and back injuries.

    ii. Unisex Restroom No. 1:

        i. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to use a restroom that is not safe

        or walk further than necessary to locate an accessible restroom, which aggravates her knee and back injuries.

    ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

    iii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the leverage she needs to open the door.

    iv. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iii. Unisex Restroom No. 2:

    i. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to use a restroom that is not safe

13

        or walk further than necessary to locate an accessible restroom, which aggravates her knee and back injuries.

ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iv. Failing to provide side grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

v. Failing to provide rear grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the

        assistance he needs getting onto and off of the toilet due to her back and knee injuries.

    vi.    Failing to provide the correct height for a table surface or for a baby changing table, in violation of sections 902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards, which aggravates Plaintiff's back and knee injuries when trying to use the baby changing table.

31.    These barriers cause Plaintiff difficulty in safely using each element of the Facilities because of Plaintiff's impaired mobility and limited range of motion in her arms and legs requiring extra care due to concerns for safety and a fear of aggravating her injuries.

32.    Defendant has failed to remove some or all of the barriers and violations at the Facilities.

33.    Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facilities in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

34.    Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

35.    It would be readily achievable for Defendant to remove all of the barriers at the Facilities.

36.    Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    declare that the Facilities identified in this Complaint is in violation of the ADA;

    B.    declare that the Facilities identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

    C.    enter an Order requiring Defendant to make the Facilities accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

    D.    enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

    E.    award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

    F.    grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears
Angela C. Spears (IL Bar #: 6327770)
CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (833) 343-6743
F: (855) 744-4419
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: June 10, 2024